IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————————— x

CARL SHUPE and MATTHEW PEARLMAN,
Individually and on Behalf of All Others
Similarly Situated,

      Plaintiffs,

v.

ROCKET COMPANIES, INC., JAY D.
FARNER, DANIEL GILBERT and ROCK
HOLDINGS INC.,

      Defendants.

———————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 21-cv-11528

Honorable Thomas L. Ludington
District Judge

Honorable Anthony P. Patti
Magistrate Judge


**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION**


Jeffrey B. Morganroth (P41670)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue
Suite 200
Birmingham, Michigan  48009
Tel:  (248) 864-4000
*jmorganroth@morganrothlaw.com*

Sharon L. Nelles (N.Y. 2613073)
Jeffrey T. Scott (N.Y. 2890374)
Julia A. Malkina (N.Y. 5054572)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel:  (212) 558-4000
*nelless@sullcrom.com*
*scottj@sullcrom.com*
*malkinaj@sullcrom.com*


*Counsel for Defendants*


March 22, 2023

Pursuant to Rule 7.1(h) of the United States District Court for the Eastern District of Michigan Local Rules, Defendants Rocket Companies, Inc., Jay D. Farner, Daniel Gilbert, and Rock Holdings Inc., by and through their attorneys, Morganroth & Morganroth, PLLC and Sullivan & Cromwell LLP, move this Court to partially reconsider its March 8, 2023 decision granting in part and denying in part Defendants' motion to dismiss (ECF No. 55). The grounds for partial reconsideration of the Court's decision as to three alleged misrepresentations (Statements 3, 4, and 5) are explained more fully in the accompanying Memorandum of Law.

Pursuant to Local Rule 7.1(a), Defendants' counsel conferred with Plaintiffs' counsel by telephone on March 21, 2023 to seek concurrence in the relief sought by this Motion for Reconsideration, but Plaintiffs declined to agree with Defendants' arguments for reconsideration.

WHEREFORE, Defendants respectfully request that this Court partially reconsider its March 8, 2023 decision and dismiss with prejudice Plaintiffs' securities fraud claim as to the Statements 3, 4, and 5.

March 22, 2023                                  Respectfully submitted,

                                                */s/ Jeffrey B. Morganroth*

Sharon L. Nelles (N.Y. 2613073)                 Jeffrey B. Morganroth (P41670)
Jeffrey T. Scott (N.Y. 2890374)                 MORGANROTH & MORGANROTH, PLLC
Julia A. Malkina (N.Y. 5054572)
SULLIVAN & CROMWELL LLP

                         *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2023, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send notification

of such filing to all parties of record, and I hereby certify that I have mailed by United

States Postal Service the paper to the following non-ECF participants:  None.

Respectfully submitted,

/s/ Jeffrey B. Morganroth
Jeffrey B. Morganroth (P41670)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Tel: (248) 864-4000
*jmorganroth@morganrothlaw.com*

*Counsel for Defendants*

March 22, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————————— x

CARL SHUPE and MATTHEW PEARLMAN,      :
Individually and on Behalf of All Others   :
Similarly Situated,                       :
                                          :      No. 21-cv-11528
         Plaintiffs,                      :
                                          :      Honorable Thomas L. Ludington
v.                                        :      District Judge
                                          :
ROCKET COMPANIES, INC., JAY D.            :      Honorable Anthony P. Patti
FARNER, DANIEL GILBERT and ROCK           :      Magistrate Judge
HOLDINGS INC.,                            :
                                          :
         Defendants.                      :
                                          :
                                          :
———————————————————— x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR PARTIAL RECONSIDERATION**

Jeffrey B. Morganroth (P41670)          Sharon L. Nelles (N.Y. 2613073)
MORGANROTH & MORGANROTH, PLLC           Jeffrey T. Scott (N.Y. 2890374)
344 North Old Woodward Avenue           Julia A. Malkina (N.Y. 5054572)
Suite 200                               SULLIVAN & CROMWELL LLP
Birmingham, Michigan  48009             125 Broad Street
Tel:  (248) 864-4000                    New York, New York  10004
*jmorganroth@morganrothlaw.com*         Tel:  (212) 558-4000
                                        *nelless@sullcrom.com*
                                        *scottj@sullcrom.com*
                                        *malkinaj@sullcrom.com*

*Counsel for Defendants*

March 22, 2023

# TABLE OF CONTENTS

*Page*

INTRODUCTION ....................................................................................................1

I.    Statement 3:  The Decision misconstrues the statutory language of the
      PSLRA's safe harbor for forward-looking statements ....................................3

II.   Statements 3 and 5:  The Decision misconstrues securities law holding
      that alleged misimpressions from oral statements that are contradicted
      by the prospectus are not actionable as a matter of law ...............................11

III.  Statement 4:  The Decision misapprehends Rocket's disclosure about
      declining closed loan volume in its February 25, 2021 earnings release ......15

CONCLUSION ....................................................................................................18

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Ark. Pub. Emps. Ret. Sys.* v. *Bristol-Myers Squibb Co.*,
  28 F.4th 343 (2d Cir. 2022) .........................................................................10, 11

*Brown* v. *E.F. Hutton Grp., Inc.*,
  991 F.2d 1020 (2d Cir. 1993) ..............................................................................14

*Brown* v. *Wilson*,
  2022 WL 16632970 (E.D. Mich. Nov. 2, 2022)....................................................2

*Carvelli* v. *Ocwen Fin. Corp.*,
  934 F.3d 1307 (11th Cir. 2019) ......................................................................10, 11

*Conn. Ret. Plans & Tr. Funds* v. *Amgen Inc.*,
  660 F.3d 1170 (9th Cir. 2011) ..............................................................................12

*Dodds* v. *Cigna Sec., Inc.*,
  12 F.3d 346 (2d Cir. 1993) ...................................................................................14

*Dougherty* v. *Esperion Therapeutics, Inc.*,
  905 F.3d 971 (6th Cir. 2018) .........................................................................6, 8, 9

*Duffie* v. *Mich. Grp., Inc.*,
  2016 WL 8259511 (E.D. Mich. Jan. 15, 2016) .....................................................2

*Eckstein* v. *Balcor Film Invs.*,
  8 F.3d 1121 (7th Cir. 1993) ...........................................................................13, 14

*Edward J. Goodman Life Income Tr.* v. *Jabil Cir., Inc.*,
  594 F.3d 783 (11th Cir. 2010) ...............................................................................7

*Harco Nat'l Ins. Co.* v. *Sleegers Eng'g, Inc.*,
  2014 WL 7157011 (E.D. Mich. Dec. 15, 2014) ....................................................2

*Heil* v. *Lebow*,
  1994 WL 637686 (S.D.N.Y. Nov. 14, 1994).......................................................13

*Hunt* v. *All. N. Am. Gov't Income Tr., Inc.*,
  159 F.3d 723 (2d Cir. 1998) .................................................................................14

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
___ F. Supp. 3d ___, 2022 WL 4085677 (S.D.N.Y. Sept. 2, 2022)....................7

*Julianello* v. *K-V Pharm. Co.*,
791 F.3d 915 (8th Cir. 2015) .................................................................10

*Ley* v. *Visteon Corp.*,
543 F.3d 801 (6th Cir. 2008) ..........................................................12, 13

*Miller* v. *Champion Enters. Inc.*,
346 F.3d 660 (6th Cir. 2003) ......................................................*passim*

*Miller* v. *Laidlaw & Co. (UK)*,
2013 WL 1278484 (E.D. Mich. Mar. 27, 2013).............................................2, 7

*OFI Asset Mgmt.* v. *Cooper Tire & Rubber*,
834 F.3d 481 (3d Cir. 2016) ..........................................................7, 10

*Olkey* v. *Hyperion 1999 Term Tr.*,
98 F.3d 2 (2d Cir. 1996) ............................................................13, 14

*Pension Fund Grp.* v. *Tempur-Pedic Int'l, Inc.*,
614 F. App'x 237 (6th Cir. 2015) ........................................................11

*Ret. Sys.* v. *MacroGenics, Inc.*,
___ F.4th ___, 2023 WL 2320351 (4th Cir. Mar. 2, 2023) ................................10

*Rubke* v. *Capital Bancorp Ltd.*,
551 F.3d 1156 (9th Cir. 2009) ........................................................12

*Wochos* v. *Tesla, Inc.*,
985 F.3d 1180 (9th Cir. 2021) .....................................................5, 7, 9

**Statute & Rule**

15 U.S.C § 78u-5...............................................................5, 6, 11

E.D. Mich. L.R. 7.1(h) ...........................................................1

## STATEMENT OF ISSUE PRESENTED

Should the Court partially reconsider its March 8, 2023 decision granting in part and denying in part Defendants' motion to dismiss Plaintiffs' claim for securities fraud under Section 10(b) of the Securities Exchange Act of 1934 because the decision made certain mistakes about (i) certain elements of the Private Securities Litigation Reform Act's safe-harbor provision for forward-looking statements, (ii) aspects of the holding of a case relied on to reject one of Defendants' arguments, and (iii) the disclosures Rocket Companies, Inc. made in its February 25, 2021 earnings release that, if corrected, would require dismissal of three alleged misrepresentations?

## STATEMENT OF CONTROLLING OR
## MOST APPROPRIATE AUTHORITIES

The controlling or most appropriate authorities for the relief that Defendants

seek include:

1.   15 U.S.C § 78u-5(i)(1)

2.   E.D. Mich. L.R. 7.1(h)

3.   *Dougherty* v. *Esperion Therapeutics, Inc.*, 905 F.3d 971 (6th Cir. 2018)

4.   *Eckstein* v. *Balcor Film Invs.*, 8 F.3d 1121 (7th Cir. 1993)

5.   *Miller* v. *Champion Enters. Inc.*, 346 F.3d 660 (6th Cir. 2003)

6.   *Olkey* v. *Hyperion 1999 Term Tr.*, 98 F.3d 2 (2d Cir. 1996)

## INTRODUCTION

Respectful of the Court's decision granting in part and denying in part their motion to dismiss ("Decision"), Defendants seek limited reconsideration as to three alleged misrepresentations (Statements 3, 4, and 5). Defendants believe this motion presents a textbook occasion where reconsideration is warranted because of three discrete "mistake[s]" that, if corrected, would "change[] the outcome" of the Decision. E.D. Mich. L.R. 7.1(h). The Decision misconstrued (i) certain elements of the safe-harbor provision for forward-looking statements in the Private Securities Litigation Reform Act ("PSLRA"), (ii) aspects of the holding of the *Olkey* case relied on to reject one of Defendants' arguments, and (iii) the disclosures Rocket Companies, Inc. ("Rocket") made in its February 25, 2021 earnings release. Correcting those discrete mistakes would streamline the case as the parties proceed to discovery on the remaining claims for insider trading and securities fraud based on the March 17 and 19, 2021 Twitter post (Statements 6 and 7).

Under Local Rule 7.1(h), a party moving for reconsideration must show that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. L.R. 7.1(h).[1] Defendants are mindful that "a

---

[1] Local Rule 7.1(h) used to require a heightened showing that the decision contains a "palpable defect," "[b]ut Local Rule 7.1(h) was revised [in December 2021] and

motion for reconsideration 'is not properly used as a vehicle to re-hash old arguments,'" *Harco Nat'l Ins. Co.* v. *Sleegers Eng'g, Inc.*, 2014 WL 7157011, at *2 (E.D. Mich. Dec. 15, 2014), and do not do that here. Instead, Defendants identify factors in the Decision that, if corrected, would require dismissal of three additional alleged misrepresentations. *See Miller* v. *Laidlaw & Co. (UK)*, 2013 WL 1278484, at *2 (E.D. Mich. Mar. 27, 2013) (granting reconsideration because alleged misrepresentations were not "actionable as a matter of law"); *Duffie* v. *Mich. Grp., Inc.*, 2016 WL 8259511, at *1 (E.D. Mich. Jan. 15, 2016) (granting reconsideration where court misconstrued "applicable and controlling precedent").

As the Decision explains, Plaintiffs alleged that Defendants made seven misstatements on earnings calls and in the press and that Defendants Daniel Gilbert and Rock Holdings Inc. engaged in insider trading. (Decision 4-6, ECF No. 55, PageID.2035-37.) The Court denied the motion to dismiss the insider trading claim and the misrepresentation claim as to Statements 3 through 7, but granted the motion as to Statements 1 and 2, holding that Plaintiffs failed to plead that those statements were false. (*Id.* at 21-22, 58, PageID.2052-53, 2089.) For the following reasons, Defendants respectfully request that the Court reconsider its determination that— based on the Amended Complaint's allegations, which the Court was required to

the 'palpable defect' standard was removed." *Brown* v. *Wilson*, 2022 WL 16632970, at *1 (E.D. Mich. Nov. 2, 2022).

-2-

accept as true solely for purposes of the motion to dismiss—Plaintiffs adequately pled that Statements 3, 4, and 5 are actionable under the federal securities laws. Defendants do not seek reconsideration of the Court's decision on Plaintiffs' insider trading claim and misrepresentation claim as to Statements 6 and 7, which Defendants understand will require additional factual development before being brought before the Court for further consideration.

I.   **Statement 3:  The Decision misconstrues the statutory language of the PSLRA's safe harbor for forward-looking statements.**

Mr. Farner made Statement 3 during a February 25, 2021 earnings call where he expressed confidence that Rocket will weather market declines and rising interest rates better than its competitors:

> **Q. (Goldman Sachs analyst):**  Can you maybe just talk about some of the competitive dynamics you're seeing, given the changing rate backdrop? . . .  And if we do continue to see rates going up, like where do you inevitably see margins getting to, over time?
>
> **A. (Mr. Farner):**  . . . [S]o usually, as we see these interest rates tick up a bit, what we're going to see is an opportunity for us to lean in to spend more money and now to talk about the retail or direct-to-consumer space, same situation here.  There are so many marketing opportunities out there for us.  And as others tend to step away or back away from the space, this is where we can lean in.  We can grab market share.
>
> And not only are we thinking about the profitability that we achieved on the first transaction, we're thinking about the lifetime value of that client and we're now thinking about the lifetime value, not only over Mortgage but Real Estate, Auto and these additional businesses that we'll be adding.

> So I guess you can tell we're pretty excited about it and *don't see interest rates going up or down, really having an impact on our business one way or the other*.

(Ex. 4 at 9, ECF No. 44-5, PageID.1303 (italics denote portion of Statement 3 Plaintiffs allege is false).)

In denying Defendants' motion to dismiss, the Court concluded that Statement 3 was not entitled to protection under the PSLRA's safe harbor for forward-looking statements because (i) the statement "is not forward looking," and (ii) even if it "is forward looking, '[n]o degree of cautionary language will protect material misrepresentations or omissions where defendants knew their statements were false when made.'"  (Decision 25, ECF No. 55, PageID.2056.)  Defendants respectfully submit that both parts of that holding conflict with the PSLRA's plain text and uniform appellate precedent.  Taking them in reverse order:

*First*, the Decision reasons, quoting language that traces back to a case applying the common law "bespeaks caution" doctrine, that "'[n]o degree of cautionary language will protect material misrepresentations or omissions where defendants knew their statements were false when made.'"  (*Id.*)  That is a misstatement of the law under the PSLRA, which includes a safe harbor for forward-looking statements accompanied by cautionary language that does not exist in common law.  As the Sixth Circuit has explained, "for 'forward-looking statements' that are accompanied by meaningful cautionary language, the first prong of the safe

-4-

harbor provided for in the PSLRA makes the state of mind irrelevant." *Miller* v. *Champion Enters. Inc.*, 346 F.3d 660, 672 (6th Cir. 2003) (citing 15 U.S.C. § 78u-5(c)(1)(A)). "In other words, if the statement qualifies as 'forward-looking' and is accompanied by sufficient cautionary language, a defendant's statement is protected regardless of the actual state of mind." *Id.*[2]

*Second*, the PSLRA defines a "forward-looking statement" as (A) "a statement containing a projection of revenues, income (including income loss), [or] earnings," (B) "a statement of the plans and objectives of management for future operations," (C) "a statement of future economic performance," or (D) "any statement of the assumptions underlying or relating to any statement described in subparagraph (A), (B), or (C)." 15 U.S.C § 78u-5(i)(1). Under the plain language of the statute, Statement 3 is forward-looking. It contains Mr. Farner's prediction of "future economic performance" (*i.e.*, that "we're pretty excited about it and don't see interest rates going up or down, really having an impact on our business one way or the other"), that is expressly premised on a cascading series "of [] assumptions" (*i.e.*, that when interest rates rise, Mr. Farner predicts that "others tend to step away or back away" from the market, and if that happens, "we're going to see [that] is an

---

[2] As the Ninth Circuit has explained, "the use of the disjunctive term 'or' between subclauses (A) and (B) [of 15 U.S.C. § 78u-5(c)(1)] confirms that 'a defendant will not be liable for a false or misleading statement if it is forward-looking and *either* is accompanied by cautionary language *or* is made without actual knowledge that it is false or misleading." *Wochos* v. *Tesla, Inc.*, 985 F.3d 1180, 1190 (9th Cir. 2021).

opportunity for us to lean in to spend more," resulting in Rocket "grab[bing] market share" from its competitors).  (Ex. 4 at 9, ECF No. 44-5, PageID.1303.)

In concluding that Statement 3 is not forward-looking, the Court did not consider whether Statement 3 is forward-looking under the statutory definition in 15 U.S.C § 78u-5(i)(1), but instead quoted part of an example that the Sixth Circuit used in *Dougherty* v. *Esperion Therapeutics, Inc.*, 905 F.3d 971 (6th Cir. 2018), to illustrate the demarcation between forward-looking statements about the future and backward-looking statements about historical facts.  (Decision 25, ECF No. 55, PageID.2056.)   Based on that partial quotation, the Decision concluded that Mr. Farner's prediction was not forward-looking because "it was 'objectively discernable whether [Farner] had [known that changing interest rates would impact Rocket's business]—either []he had, or []he had not.'" (*Id.* (alterations in original).)

That is a misreading of *Dougherty*, and improperly transforms the statutory definition of "forward-looking statement" into a question about the speaker's state of mind.  The Sixth Circuit has been clear that "[n]o investigation of defendant's state of mind is required" in determining whether a statement is protected by the safe harbor.  *Miller*, 346 F.3d at 678.  In *Miller*, the Sixth Circuit held that the defendant's statement that he was "comfortable with consensus earnings estimates of $0.59 per share for the second quarter" was "classically forward-looking," notwithstanding the

plaintiff's allegation that the defendant "knew of Parker Homes's poor financial condition." *Id.* at 676-77.

Other courts of appeals have emphasized the same point. Indeed, as the Ninth Circuit recently explained in rejecting the same type of reasoning as in the Decision, the "theory that Tesla's year-end goal rested on scheduling assumptions that Tesla knew it was unlikely to meet" does not deprive the statement of protection under the PSLRA's safe harbor because "[a]ny such schedule about how future production would play out on the way toward the announced goal is simply a set of the 'assumptions' about future events on which that goal is based." *Wochos*, 985 F.3d at 1192; *see OFI Asset Mgmt.* v. *Cooper Tire & Rubber*, 834 F.3d 481, 502-03 (3d Cir. 2016) ("whether [defendants] believed th[e] statement to be true at the time is irrelevant" to whether it is forward-looking, and plaintiffs' contrary argument "misreads the law"); *Edward J. Goodman Life Income Tr.* v. *Jabil Cir., Inc.*, 594 F.3d 783, 795 (11th Cir. 2010) ("allowing an allegation of knowledge of falsity to prevent safe harbor" protection contravenes the PSLRA); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, ___ F. Supp. 3d ___, 2022 WL 4085677, at *24 (S.D.N.Y. Sept. 2, 2022) ("[W]hile these statements arguably reflect a belief in the attainability of these future schedule and budget projections based on current facts about the progress and costs of the project, this alone is not sufficient to take these statements out from under the shelter of the PSLRA safe harbor. To find that it did would 'rip a large

-7-

hole in that statute and deprive issuers and makers of such statements of the precise protection the safe harbor was intended to provide.'").

The Decision appears to have gone astray because, although it relied on *Dougherty*, the Court did not apply *Dougherty*'s test for assessing whether a statement is forward-looking. As the Sixth Circuit explained, "[t]he critical inquiry in determining whether a statement is forward-looking is whether its veracity can be determined at the time the statement is made." *Dougherty*, 905 F.3d at 983. To illustrate that point, *Dougherty* provided an example: "a man's statement to his friend [that] 'My girlfriend has agreed to marry me'" is "not a forward-looking statement" because "[w]hen the man spoke to his friend, it was objectively discernable whether his girlfriend had accepted his proposal—either she had, or she had not." *Id.* In applying that test, the Sixth Circuit in *Dougherty* held that the defendant's statement that "the FDA had confirmed that" a drug therapy "would not require" a particular type of trial was not forward-looking because the FDA had already informed the company that the trial was required. *Id.* at 984. As the Court explained, the defendant's "statements were phrased as an observation of a historical fact ('The FDA *confirmed* . . .')." *Id.* Thus, the "falsity of [that] statement[] was discernible at the time" the defendant made it because "what the FDA purportedly said during" a meeting was an objectively verifiable fact. *Id.* at 983-84.

Mr. Farner's prediction about how interest rates will affect Rocket in the future if all of his stated assumptions play out as he expects is indisputably forward-looking under the *Dougherty* test.  Nothing about that statement is an "observation of a historical fact," "the truth or falsity of [which] could have been ascertained" at the time Mr. Farner made the statement on February 25, 2021.  *Id.*  It was not then knowable (i) how much or how quickly interest rates would rise, (ii) whether Rocket's competitors would respond to that dynamic situation by "step[ping] away" from the market, (iii) how much "market share" Rocket would "grab" as a result, and (iv) how the as-yet-unknown amount of increase in interest rates would affect Rocket's business if all the stated assumptions came true.  (Ex. 4 at 9; ECF No. 44-5, PageID.1303.)  Put differently, nothing in Statement 3 contains a "'concrete' assertion concerning a specific 'current or past fact.'"  *Wochos*, 985 F.3d at 1191 (alteration omitted).[3]

Indeed, Statement 3 is a textbook example of a forward-looking statement. Mr. Farner started by explaining what he thinks will happen as "interest rates tick up"—namely, that Rocket's competitors likely will respond by "step[ping] away or back[ing] away" from the market, and if that occurs, "we're going to see [that] is an

---

[3] By contrast, had Mr. Farner stated that in the past Rocket invested in its infrastructure during a downturn, that would be a backward-looking statement of historical fact, the truth of which could be assessed at the time the statement was made.  But Plaintiffs do not assert that kind of claim; nor do they allege that Rocket did not, in fact, make such investments during prior downturns.

opportunity for us to lean in to spend more" and thereby "grab market share." (Ex. 4

at 9, ECF No. 44-5, PageID.1303.)  Based on those series of assumptions about how

things will play out in the future, Mr. Farner concluded that "[s]o I guess you can

tell we're pretty excited about it and don't see interest rates going up or down, really

having an impact on our business one way or the other." (*Id.*)  As the Fourth Circuit

recently explained, Mr. Farner's statements were "reliant upon [his] hope" that the

future would play out as he anticipated, which "is forward-looking." *Emps.' Ret.

Sys.* v. *MacroGenics, Inc.*, ___ F.4th ___, 2023 WL 2320351, at *13 (4th Cir. Mar.

2, 2023).  Other cases to that effect are legion.[4]

Once the two errors in the Decision are corrected, Statement 3 must be

dismissed because it is protected by the safe harbor.  Statement 3 is plainly forward-

looking (as discussed above), and there is no question that it was accompanied by

meaningful cautionary language, as Rocket showed in its papers (*see* Defs. Opening

---

[4] *See, e.g.*, *Ark. Pub. Emps. Ret. Sys.* v. *Bristol-Myers Squibb Co.*, 28 F.4th 343, 354 (2d Cir. 2022) ("predictions regarding the [drug] trial's success and Opdivo's speed to market" are forward-looking); *Carvelli* v. *Ocwen Fin. Corp.*, 934 F.3d 1307, 1329 (11th Cir. 2019) (statement that "Ocwen would 'continue to provide strong servicing results'—implying both that servicing results are currently strong and that Ocwen commits to provide strong results in the future"—"are properly sheltered under the safe-harbor because they convey management plans for yet-to-be-proven future operations and goals"); *OFI*, 834 F.3d at 501 (statement that "[n]either the strike nor the plant slowdown are expected to have an effect on the consummation of the merger" is forward-looking); *Julianello* v. *K-V Pharm. Co.*, 791 F.3d 915, 921 (8th Cir. 2015) (statements that "the laws and regulations were clear and that they anticipated that the FDA would enforce exclusivity once Makena was launched" are forward-looking).

Br. 18-19, ECF No. 44, PageID.1221-22).  *See, e.g.*, *Pension Fund Grp.* v. *Tempur-Pedic Int'l, Inc.*, 614 F. App'x 237, 244 (6th Cir. 2015) (similar risk disclosures constitute sufficient cautionary language); *Miller*, 346 F.3d at 677-78 (same); *Bristol-Myers Squibb*, 28 F.4th at 354-55 (same); *Carvelli*, 934 F.3d at 1327 (same).

## II.    Statements 3 and 5:  The Decision misconstrues securities law holding that alleged misimpressions from oral statements that are contradicted by the prospectus are not actionable as a matter of law.

Mr. Farner made Statement 5 during a March 11, 2021 interview on Fox Business.  Like Statement 3, Statement 5 expressed confidence that Rocket will in the future weather market declines and rising interest rates better than its competitors.  (*See* AC ¶ 238, ECF No. 42, PageID.1131-32.)  Although Statement 3 should have been dismissed as protected by the PSLRA's safe harbor as discussed above, Statements 3 and 5 also should have been dismissed for a different, independent reason.[5]

Defendants' motion to dismiss argued that Statements 3 and 5 did not promise investors that Rocket's gain-on-sale margin would never fall, as Plaintiffs asserted in their Amended Complaint, but instead discussed how Rocket will perform better than its competitors in a period of market decline.  (*See* Defs. Opening Br. 22, ECF No. 44, PageID.1225.)  In other words, the statements did not say that Rocket would

---

[5] Statement 5 also is forward-looking, but it was not accompanied by cautionary language.  Defendants therefore did not argue that Statement 5 is protected by 15 U.S.C. § 78u-5(c)(1)(A).

be unaffected by rising interest rates, but instead that Rocket would emerge from a downturn in a better position vis-à-vis its competitors. Although the Court declined to address Defendants' argument that "allegations [that] simply misconstrue" the statements cannot pass muster, *Rubke* v. *Capital Bancorp Ltd.*, 551 F.3d 1156, 1164 (9th Cir. 2009), the Court rejected Defendants' alternative argument that even if Plaintiffs misconstrued those statements as guarantees that Rocket was impervious to rising interest rates, no reasonable investor would have been misled by any such misimpression because Rocket's prospectus contradicted that misimpression. (*See* Defs. Opening Br. 22, ECF No. 44, PageID.1225; Defs. Reply 4, ECF No. 50, PageID.1709.)

In doing so, the Decision incorrectly characterized Defendants' argument as a "truth-on-the-market defense," and therefore mistakenly concluded that the question of whether the prospectus warned of the relevant risks "is an issue for the trier of fact" and "rarely an appropriate basis for dismissing a § 10(b) complaint." (Decision 23, ECF No. 55, PageID.2054.)[6] The Court then rejected Defendants'

---

[6] Unlike here, a "truth-on-the-market defense" arises where a defendant argues that "the truth credibly entered the market" from other sources (as opposed to the defendant's own prospectus), such as "FDA announcements and analyst reports about [the defendant's] business publiciz[ing] the truth about the safety issues." *Conn. Ret. Plans & Tr. Funds* v. *Amgen Inc.*, 660 F.3d 1170, 1177 (9th Cir. 2011) (alteration omitted), *aff'd*, 568 U.S. 455 (2013). By contrast, as the Sixth Circuit has stated, where, as here, "*Defendants provided* investors with plenty of information," the complaint should be dismissed separate and apart from any truth-on-the-market defense. *Ley* v. *Visteon Corp.*, 543 F.3d 801, 808-09 (6th Cir. 2008) (emphasis

argument by distinguishing one case Defendants cited:  *Olkey* v. *Hyperion 1999 Term Tr.*, 98 F.3d 2 (2d Cir. 1996).  In the Court's view, "*Olkey* is inapposite" because "the *Olkey* court said the prospectus contradicted the plaintiffs' allegations about the prospectus—not that it contradicted a different statement made by a different speaker, which is the case here." (Decision 24, ECF No. 55, PageID.2055.) But that is not an accurate description of *Olkey*.  In *Olkey*, the Second Circuit expressly held that "[r]epresentations made by the defendants at the roadshows are immaterial since they are contradicted by plain and prominently displayed language in the prospectuses."  98 F.3d at 9.[7]  Thus, *Olkey* expressly held that "a different statement" is not misleading as a matter of law if the prospectus contradicts it. (Decision 24, ECF No. 55, PageID.2055.)

_____

added) (affirming dismissal of securities fraud claims in analogous case and stating "[i]n so holding, we have not applied the truth-on-the-market defense").  This distinction between the market impact of information pieced together from media and analyst reports, on the one hand, and statements made by a company in its prospectus, on the other, makes perfect sense.  Although combing through media and analyst reports may be "fact intensive" (Decision 23, ECF No. 55, PageID.2054), there is nothing "fact intensive" about reading the prospectus.  To the contrary, "[f]ederal law establishes a regime in which the prospectus contains the comprehensive description of the securities."  *Eckstein* v. *Balcor Film Invs.*, 8 F.3d 1121, 1131 (7th Cir. 1993) (Easterbrook, J.).

[7] "A 'roadshow' is typically an in person presentation to and discussion with securities dealers and prospective institutional and other large investors, arranged generally by the underwriters of a new issue of equity or debt securities.  At such a roadshow, representatives of the issuer and underwriter provide background information and answer questions about the issuer and the securities."  *Heil* v. *Lebow*, 1994 WL 637686, at *8 n.1 (S.D.N.Y. Nov. 14, 1994).

-13-

Moreover, even if the facts in *Olkey* were as the Court set forth, the distinction the Decision drew is not determinative under settled securities law. Had Defendants known the Court believed *Olkey* was distinguishable on that basis, Defendants would have pointed out that whatever the source of the alleged misstatement, it cannot be misleading as a matter of law if it is contradicted by the prospectus. The federal securities laws "establish[] a rule for resolving conflicts: in the event statements in sales brochures and the prospectus do not agree, the prospectus wins." *Eckstein*, 8 F.3d at 1131-32. Thus, if, as here, "the investor already possesses information sufficient to call [a] representation into question, he cannot claim later that he relied on or was deceived by the [alleged] lie." *Id.*; *see Brown* v. *E.F. Hutton Grp., Inc.*, 991 F.2d 1020, 1031-33 (2d Cir. 1993) ("alleged oral statements" describing securities as "low risk" not actionable where prospectus warned of the risks); *Hunt* v. *All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 730 (2d Cir. 1998) ("no reasonable investor could have been misled by the advertisements when read in conjunction with the prospectuses"); *Dodds* v. *Cigna Sec., Inc.*, 12 F.3d 346, 351 (2d Cir. 1993) (allegedly "misleading oral statements" not actionable "when the offering materials contradict the oral assurances").

After correcting that mistake, Statements 3 and 5 must be dismissed. To the extent any investors construed those statements as "convey[ing] that Rocket" was not "particularly sensitive to rising rates" (Decision 23, ECF No. 55, PageID.2054),

-14-

the prospectus corrected any such misimpression.  The prospectus contained a full-page risk warning under the bolded heading:   "**Our business is significantly impacted by interest rates.   Changes in prevailing interest rates or U.S. monetary policies that affect interest rates may have a detrimental effect on our business**."  (Ex. 1 at 45-46, ECF No. 44-2, PageID.1247-48.)   The prospectus described in detail how Rocket's "financial performance may decrease or be subject to substantial volatility because of changes in prevailing interest rates," and expressly warned that those risks were magnified by the "increased degree of uncertainty and unpredictability" as a result of "the unprecedented events surrounding the COVID-19 pandemic along with the associated severe market dislocation." (*Id.*)  The prospectus then detailed the unique ways that rising interest rates affect Rocket's various businesses, including "refinancing existing mortgages," the "purchase mortgage loan business," and the "servicing business." (*Id.*)

## III.   Statement 4:  The Decision misapprehends Rocket's disclosure about declining closed loan volume in its February 25, 2021 earnings release.

As the Decision explains, Plaintiffs alleged that Mr. Farner's statement at the March 3, 2021 Morgan Stanley conference about his future expectations for closed loan volume (i) "gave investors the false impression that growth would continue to occur in the near future" and (ii) omitted that "loan volume" was "not growing but was actually in decline from its peak in November 2020." (Decision 26, ECF No.

55, PageID.2057.)  Defendants' motion to dismiss argued, among other things, that no reasonable investor could have been misled by Statement 4 because Mr. Farner "expressly referred to Rocket's Q1 2021 earnings guidance, in which Rocket gave its near-term outlook that closed loan volume would decrease in Q1 2021." (Defs. Opening Br. 20, ECF No. 44, PageID.1223; *see* Defs. Reply 7, ECF No. 50, PageID.1712.)

The Decision rejected Defendants' argument by stating that "there was no 'contemporaneous' release of information that 'informed the market' that closed-loan volume was declining." (Decision 27, ECF No. 55, PageID.2058.)  In so holding, the Court mistakenly construed Defendants' argument as referring to the risk warnings about interest rates in the prospectus that "was disclosed six months earlier." (*Id.*)  But Defendants did not rely on the prospectus's risk warnings to support their argument.

Instead, Defendants argued that in his response to the question at the March 3, 2021 conference, Mr. Farner expressly referred to the data that Rocket "laid out in [its] earnings call," meaning Rocket's guidance for Q1 2021 that it had provided to the market six days earlier on February 25, 2021.  (Defs. Opening Br. 19-20, ECF No. 44, PageID.1222-23 (quoting statement).)  As shown in the chart in Defendants' brief, Rocket disclosed *in its February 25, 2021 public guidance* that it projected

-16-

that its closed loan volume *would decline* in Q1 2021, falling 4% to 9% from $107.2

billion in Q4 2020 (*see* Ex. 3 at 2, 4, ECF No. 44-4, PageID.1282, 1284):



As a result, Rocket did, in fact, make a "'contemporaneous' release of

information that 'informed the market' that closed-loan volume was declining."

(Decision 27, ECF No. 55, PageID.2058.)   Indeed, Mr. Farner expressly referred

investors to that earnings guidance when he spoke at the March 3, 2021 conference.

(*See* AC ¶ 233, ECF No. 42, PageID.1129-30 (quoting statement:  referring investors

to "what we've already laid out in our earnings call").)  Once that error is corrected,

Statement 4 must be dismissed.

## CONCLUSION

Defendants respectfully submit that the Court should reconsider its Decision and dismiss with prejudice Plaintiffs' securities fraud claim as to Statements 3, 4, and 5.

March 22, 2023                                        Respectfully submitted,

                                                      */s/ Jeffrey B. Morganroth*
Sharon L. Nelles (N.Y. 2613073)                       Jeffrey B. Morganroth (P41670)
Jeffrey T. Scott (N.Y. 2890374)                       MORGANROTH & MORGANROTH, PLLC
Julia A. Malkina (N.Y. 5054572)
SULLIVAN & CROMWELL LLP
                                                      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  None.

Respectfully submitted,

/s/ *Jeffrey B. Morganroth*
Jeffrey B. Morganroth (P41670)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue
Suite 200
Birmingham, Michigan  48009
Tel:  (248) 864-4000
*jmorganroth@morganrothlaw.com*

*Counsel for Defendants*

March 22, 2023