UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL SHUPE et al.,

        Plaintiffs,

v.

ROCKET COMPANIES, INC., JAY FARNER,
DANIEL GILBERT, and
ROCKET HOLDINGS, INC.,

        Defendants.
_____/

Case No. 1:21-cv-11528

Honorable Thomas Ludington
United States District Judge

**STIPULATION AND ORDER**

Lead Plaintiff Carl Shupe and Defendants hereby stipulate and agree as follows:

WHEREAS, on June 21, 2022, Lead Plaintiff filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") in the above-captioned action (the "Action");

WHEREAS, on July 8, 2022, Defendants filed a Motion to Dismiss all claims on behalf of all Defendants, which was fully briefed on August 30, 2022;

WHEREAS, on March 8, 2023, this Court ruled on Defendants' Motion to Dismiss;

WHEREAS, under Federal Rule of Civil Procedure 12(a)(4)(A), the deadline for Defendants' Answer to the Amended Complaint is March 22, 2023;

WHEREAS, counsel for Plaintiffs and Defendants agree that a modest extension of the deadline for Defendants' Answer to the Amended Complaint is appropriate and submitted a stipulation to that effect on March 22, 2023;

WHEREAS, on March 22, 2023, this Court denied the stipulation "without prejudice" because the parties did not present "good cause" under Federal Rule of Civil Procedure 6(b)(1) for the extension of time to answer the Amended Complaint, ECF No. 57; and

WHEREAS, Defendants state that there is good cause for a modest extension of the time to answer, FED. R. CIV. P. 6(b)(1), for the following reasons:

1.  *First*, the Amended Complaint is 145 pages long and consists of 354 numbered paragraphs, many of which have multiple sub-parts. Defendants need more time to carefully review appropriately respond to Plaintiffs' many detailed allegations. *See, e.g.*, *Ryan v. Carson City Corr. Facility*, 2017 WL 4736697, at *4 (E.D. Mich. Aug. 23, 2017) (granting 60-day extension to answer plaintiff's "voluminous complaint"); *Lewis v. Walker*, 2017 WL 3613033, at *7 n.6 (E.D. Tenn. Aug. 22, 2017) (granting extension to answer because plaintiff's "complaint contains many pages of single-spaced allegations, and [defendant's] counsel requested additional time to analyze the multitude of allegations and to submit an appropriate response").

2.  *Second*, following this Court's Decision on Defendants' Motion to Dismiss, two corporate Defendants and two Individual Defendants remain in the case. Each corporate Defendant needs to consult with and determine the knowledge of multiple individuals within their respective corporation to respond to the Amended Complaint's allegations. The submission of an Answer also requires coordination among all four remaining Defendants. Providing sufficient time for coordination within the corporate Defendants and among all Defendants is an additional reason why there is good cause for a modest extension of the time to answer.

3.  *Third*, as Plaintiffs noted in their Notice of Supplemental Authority, ECF No. 54, on March 1, 2023, in *In re Rocket Cos. Stockholder Derivative Litigation*, No. 2021-1021 (Del. Ch.), the Delaware Chancery Court denied defendants' motion to dismiss a breach-of-fiduciary-

duty claim based on the same insider-trading allegations that Plaintiffs pleaded here. As a result, Rocket Companies, the nominal defendant in the Delaware case and here, is in the process of retaining separate counsel in both cases. Rocket's new counsel will require time to get familiar with the facts and allegations before preparing a response for Rocket—answers that will need to be prepared and filed in short order in both cases. That is another reason why there is good cause for a modest extension of the time to answer. *See, e.g.*, *Doe v. Ohio Hi-Point Sch. Dist. Bd. of Educ.*, 2022 WL 4357566, at *5 (S.D. Ohio Sept. 20, 2022) (finding "good cause" for extension to answer complaint because defendant had recently retained "additional counsel"); *Darling v. Lake Cnty. Bd. of Comm'rs*, 2012 WL 1902602, at *7 (N.D. Ohio May 25, 2012) (finding "good cause" for extension of time to answer complaint because counsel "had recently been retained and required additional time to meet with their clients").

    4.    *Fourth*, a modest extension will not delay discovery or the case schedule set by this Court in this case. *See* ECF No. 55. Notwithstanding the parties' agreement to extend the time for Defendants to answer, the parties have agreed to move forward with discovery, including Plaintiffs serving discovery requests on Defendants. The lack of delay is another reason for finding good cause to enter the parties' agreed-upon stipulation to extend the time for Defendants to answer the Amended Complaint. *See, e.g.*, *Ryan*, 2017 WL 4736697, at *4 (granting 60-day extension to answer because there is no "danger of prejudice to the nonmoving party").

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties hereto and subject to approval by this Court:

    1.    There is "good cause" to extend the time for Defendants' Answer to the Amended Complaint. FED. R. CIV. P. 6(b)(1).

    2.    Defendants' Answer to the Amended Complaint is due on or by April 24, 2023.

3. By entering this stipulation, Defendants do not waive, and hereby expressly preserve, all potential defenses in this litigation.

IT IS SO STIPULATED.

                                          Respectfully submitted,

DATED: March 22, 2023      LABATON SUCHAROW LLP
                                       CAROL C. VILLEGAS

                                          /s/ Carol C. Villegas
                                             Carol C. Villegas

**LABATON SUCHAROW LLP**
CAROL C. VILLEGAS
DAVID SALDAMANDO
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
dsaldamando@labaton.com

*Lead Counsel for Lead Plaintiff Carl Shupe and the Proposed Class*

DATED: March 22, 2023        MORGANROTH & MORGANROTH, PLLC
                                              JEFFREY B. MORGANROTH

                                              /s/ Jeffrey B. Morganroth
                                             JEFFREY B. MORGANROTH

                                     344 North Old Woodward Avenue
                                     Suite 200
                                     Birmingham, Michigan 48009
                                     Tel: (248) 864-4000
                                     Fax: (248) 864-4001
                                     jmorganroth@morganrothlaw.com

                                     SULLIVAN & CROMWELL LLP
                                     SHARON L. NELLES
                                     JEFFREY T. SCOTT
                                     JULIA A. MALKINA
                                     125 Broad Street
                                     New York, New York 10004
                                     Tel: (212) 558-4000
                                     Fax: (212) 588-3588
                                     nelless@sullcrom.com
                                     scottj@sullcrom.com
                                     malkinaj@sullcrom.com

                                     *Counsel for Defendants Rocket Companies, Inc., Rock Holdings Inc., Jay D. Farner, and Daniel Gilbert*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL SHUPE et al.,

      Plaintiffs,   Case No. 1:21-cv-11528

v.   Honorable Thomas Ludington
    United States District Judge
ROCKET COMPANIES, INC., JAY FARNER,
DANIEL GILBERT, and
ROCKET HOLDINGS, INC.,

      Defendants.
_____/

**ORDER GRANTING STIPULATED ORDER TO ADJOURN ANSWER DEADLINE**

Having reviewed the Parties' above-attached Stipulation and Order, finding good cause in it, and this Court otherwise being fully advised in the premises:

It is **ORDERED** that the Parties' above-attached Stipulation and Order is **GRANTED**.

Further, it is **ORDERED** that Defendants are **DIRECTED** to respond to Plaintiff's Amended Complaint, ECF No. 42, **on or before April 24, 2023**.

**This is not a final order and does not close the above-captioned case**.

Dated: March 23, 2023                s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge