UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL SHUPE et al.,

       Plaintiffs,

v.

ROCKET COMPANIES, INC., JAY FARNER,
DANIEL GILBERT, and
ROCKET HOLDINGS, INC.,

       Defendants.
_____/

Case No. 1:21-cv-11528

Honorable Thomas Ludington
United States District Judge

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties (the "Parties," and each a "Party") in the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, responding to written discovery requests, taking depositions, and producing documents;

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the Parties believe to be confidential and sensitive commercial, financial, personal, or business information; and

WHEREAS, the Parties could be prejudiced by the disclosure to third parties of confidential, proprietary, or commercially sensitive information;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Protective Order (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents and electronically stored information, and any other information or material produced, given, or exchanged, including any information

contained therein or derived therefrom ("Discovery Material") by or among any Party or Nonparty providing Discovery Material (each a "Producing Party") in this Litigation.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of the Stipulation if such Producing Party in good faith and reasonably believes that such Discovery Material contains nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in the Stipulation ("Confidential Discovery Material"). Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of the Stipulation if such Producing Party in good faith and reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 6 of the Stipulation is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery Material").

2. The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall be made in the following manner:

(a) In the case of documents or other materials (apart from depositions or other pretrial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).
(b) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 10 business days of receipt of the rough or final transcript (whichever is received first) designating the entire transcript or portions thereof; provided that only those portions of the transcript designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material. All depositions and other pretrial testimony will be deemed to be Highly Confidential Discovery Material until the expiration of the 10 business days after counsel receive a copy of the rough or final transcript (whichever is received first), after which such deposition and other pretrial testimony will be

       treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

  (c) In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material.

3.    The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

4.    Failure, inadvertent or otherwise, to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected upon discovery of such failure. A Producing Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party failed to designate as Confidential Discovery Material or Highly Confidential Discovery Material, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties shall thereafter treat the Discovery Material so designated as Confidential Discovery Material or Highly Confidential Discovery Material, and such Discovery Material shall be fully subject to the Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material or Highly Confidential Discovery Material. In

addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material before its designation as Confidential Discovery Material or Highly Confidential Discovery Material shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material by any person not authorized to receive Confidential Discovery Material or Highly Confidential Discovery Material under the terms of the Stipulation, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential Discovery Material or Highly Confidential Discovery Material when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of the Stipulation, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 10 of the Stipulation.

5. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in connection with the Litigation and in accordance with the Stipulation:

(a) The Parties and the directors, officers, general partners, limited partners, managers, members, and employees of the Parties who are assisting with or making decisions concerning the Litigation;
(b) Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;
(c) Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;
(d) Subject to Paragraph 9, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or prepare and submit declarations or affidavits in this Litigation;
(e) Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual

      or intended recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting;

(f) The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

(g) Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto; and

(h) Any mediator, mediator's staff, or insurer who all parties have agreed may attend a mediation.

6. Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to those persons listed in Paragraph 5(b)–(h) for use in connection with the Litigation and in accordance with the Stipulation:

7. Subject to Paragraph 25, to the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition or in any other pretrial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material or Highly Confidential Discovery Material may not be disclosed to such person under the terms of the Stipulation.

8. Notwithstanding Paragraphs 5(c) and 6 above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or a consultant to, any Competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential Discovery Material or Highly Confidential Discovery Material solely in connection with this Litigation; and further provided that such expert or

consultant agrees to be bound by the terms of the Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking, before the provision of Confidential Discovery Material or Highly Confidential Discovery Material, and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a Competitor or an employee of a Competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material or Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party. A "Competitor" is a person or entity endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any person or entity who is actually engaged in any of these activities.

9.   Notwithstanding Paragraphs 5(d) and 6 above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of the Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation. Counsel for the Party showing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking, before the provision of Confidential Discovery Material or Highly Confidential Discovery Material, and retaining the original, executed copy thereof.

10. Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, pursuant to Paragraph 25, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

11. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of the Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a Nonparty shall enclose a copy of the Stipulation and notify the Nonparty that the protections of the Stipulation are available to such Nonparty.

12. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material or Highly Confidential Discovery Material (a "Confidential Filing") must be filed confidentially and not available for public access ("Confidential Treatment") in accordance with the provisions of Local Rules 5.3 and 26.4 of the United States District Court for the Eastern District of Michigan. To the extent practicable, prior to filing the Confidential Filing, the filing Party shall meet and confer with the other Parties to attempt to agree on whether and to what extent the Confidential Filing can be filed publicly. If the Parties cannot agree on whether and to what extent the Confidential Filing can be filed publicly, the Parties will cooperate fully in filing a motion to have the Confidential Filing filed under seal. If the meet and confer process described in the prior two sentences is not deemed practicable by the filing Party due to

the urgency of a filing, that party must take all appropriate steps to file such document under seal or with redactions of all material that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material or Highly Confidential Discovery Material, and then must promptly coordinate with the other Parties herein as to any subsequent steps to effectuate the goals of this agreement.

13.  A Party making a Confidential Filing must comply with the provisions of Local Rules 5.3 and 26.4 of the United States District Court for the Eastern District of Michigan, including, without limitation, the provisions governing the filing of a copy of the Confidential Filing for public inspection that omits only the information that the Producing Party (or any other person that has designated Confidential Information in the Confidential Filing) believes should continue to receive Confidential Treatment for good cause. Subject to the foregoing, the Parties have no obligation to file public versions of any exhibits or attachments to a Confidential Filing, unless otherwise ordered by this Court.

14.  All materials filed pursuant to Paragraph 12 shall be released from Confidential Treatment only as provided in Local Rules 5.3 and 26.4 of the United States District Court for the Eastern District of Michigan, as applicable, or upon further order of this Court. When any Party receives a notice concerning the release of Confidential Filings which were filed with this Court by such Party but contain Discovery Material designated as Confidential Discovery Material or Highly Confidential Discovery Material by another Producing Party, the Party receiving the notice shall deliver a copy of such notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of the receipt of such notice, if such notice is not otherwise sent to such Producing Party, so as to enable the latter to seek further

Confidential Treatment or to have the documents returned or destroyed. The provisions of this paragraph may be waived only with the prior written consent of the Producing Party.

15.   Any Party who objects to the continued restriction on public access to any Confidential Filing, or any portion thereof, shall give written notice of the objection to the Producing Party. To the extent that the Producing Party seeks to continue the restriction on public access to the Confidential Filing, or any portion thereof, to which a public version is available, the Producing Party shall file a motion with this Court within five days. The filing of the motion constitutes a certification that the signer of the motion personally reviewed the Confidential Filing and that continued Confidential Treatment is appropriate. The person challenging Confidential Treatment shall have five days to file an opposition. The Court shall then determine whether Confidential Treatment will be maintained, or whether a reply, hearing, or further proceedings are warranted. If a motion seeking continued Confidential Treatment is not timely filed, then the Confidential Filing shall become part of the public record. If an opposition to the motion is not timely filed, then the challenge shall be deemed withdrawn and the Confidential Filing shall continue to receive Confidential Treatment.

16.   During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to the Stipulation. The provisions of the Stipulation are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material or Highly Confidential

Discovery Material, which burden remains on the Producing Party that designates such Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material.

17. The Parties reserve the right to apply, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of the Stipulation.

18. Entering into the Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of the Stipulation, shall not:

(a) Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;
(b) Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;
(c) Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of the Stipulation;
(d) Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;
(e) Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other Discovery Material subject to the Stipulation;
(f) Preclude any Party from objecting to discovery that it believes to be otherwise improper; or
(g) Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege or protection.

19. The Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material or Highly Confidential Discovery Material obtained lawfully by such person

independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

20. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party is produced, inadvertently or otherwise ("Inadvertent Production Material"), to that Party or Parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

> (a)   A claim of Inadvertent Production Material shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim.
> (b)   If the event of a claim of Inadvertent Production Material, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.
> (c)   A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.
> (d)   In the event a claim of Inadvertent Production Material is made in any way that a party believes they have been prejudiced, the Parties shall meet and confer in good faith on an appropriate resolution, involving the Court as and if necessary.
> (e)   Notwithstanding paragraph 20(a)–(d), a Party possessing material subject to a claim of Inadvertent Production Material may sequester any material that the Party possessing that material had already reviewed prior to the claim of Inadvertent Production Material for the sole purpose of using it to challenge the privilege or immunity claimed as to that material before the Court, provided that such challenge is conducted confidentially and any filing is made under seal.

21. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

22. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be bound fully by the Stipulation.

23. The Parties agree to be bound by the terms of the Stipulation pending the entry by the Court of the Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if the Stipulation had been entered by the Court.

24. The provisions of the Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 25.

25. In the event that any Confidential Discovery Material or Highly Confidential Discovery Material is used in open court during any court proceeding or lodged as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Discovery Material or Highly Confidential Discovery Material.

26. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, including the exhaustion of all possible appeals, and upon the

written request of the Producing Party, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material (including summaries, excerpts, and derivative works) and all copies thereof to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy such material (including summaries, excerpts, and derivative works) and all copies thereof, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material), to any person except pursuant to a court order, agreement by the Producing Party, or as otherwise required by law. All materials returned to the Parties or their counsel by this Court likewise shall be disposed of in accordance with this Paragraph.

27. If any person in possession of Confidential Discovery Material or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying

the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to and make good faith efforts to oppose the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of the Stipulation. Nothing herein shall be construed as requiring the Receiver or anyone else covered by the Stipulation to subject itself to any penalties for noncompliance with any legal process or order. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material or Highly Confidential Discovery Material will not constitute a violation of the Stipulation.

28. No Receiver shall reveal any Confidential Discovery Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of the Stipulation. In the event that Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by the Stipulation, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

- 15 -

29. The Parties agree that the production of any Discovery Material by any Nonparty shall be subject to and governed by the terms of the Stipulation.

It is so **ORDERED**.

Dated: May 16, 2023

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Stipulated and Agreed by:

Dated: May 15, 2023   Respectfully Submitted,

<u>/s/ Nick Gorga</u>
Nick Gorga (P72297)
Jeremy D. Lockhart (P76500)
Carsten Parmenter (P86425)
HONIGMAN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
Tel.: (313) 465-7000
ngorga@honigman.com
jlockhart@honigman.com
cparmenter@honigman.com

Deborah S. Birnbach
Adam Slutsky
Kate MacLeman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
dbirnbach@goodwinlaw.com
aslutsky@goodwinlaw.com
kmacleman@goodwinlaw.com

*Counsel for Defendant Rocket Companies, Inc.*

<u>/s/ Jeffrey B. Morganroth</u>
Jeffrey B. Morganroth (P41670)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue
Suite 200
Birmingham, MI 48009
Tel.: (248) 864-4000
jmorganroth@morganrothlaw.com

<u>/s/ Carol C. Villegas</u>
Carol C. Villegas
David Saldamando
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel.: (212) 907-0700
cvillegas@labaton.com
dsaldamando@labaton.com

*Lead Counsel for Lead Plaintiff Carl Shupe, Plaintiff Matthew Pearlman, and the Putative Class*

Sharon L. Nelles (N.Y. 2613073)
Jeffrey T. Scott (N.Y. 2890374)
Julia A. Malkina (N.Y. 5054572)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Tel.: (212) 558-4000
nelless@sullcrom.com
scottj@sullcrom.com
malkinaj@sullcrom.com

*Counsel for Defendants Rock Holdings Inc.,
Jay Farner, and Daniel Gilbert*