UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL SHUPE, individually and
on behalf of all others similarly situated,

        Plaintiffs,                Case No. 1:21-cv-11528

v.                                        Honorable Thomas L. Ludington
                                              United States District Judge
ROCKET COMPANIES, INC.,
DANIEL GILBERT, and
ROCKET HOLDINGS, INC.,

        Defendants.
_____/

**OPINION AND ORDER DENYING RECONSIDERATION**

In this securities-fraud case, the defendants seek partial reconsideration of an order partially granting their motion to dismiss. Specifically, they want to revisit three of the seven alleged misrepresentations. The defendants rely on alleged errors they believe would change the outcome of the prior order. Not so.

I.

A group of shareholders brought this class action against Rocket Companies and some of its officers and directors, arguing they artificially inflated the price of Rocket Class A common stock through seven public misstatements made from February 25–May 5, 2021. ECF No. 42. The plaintiffs also claim that the Chief Executive Officer and controlling shareholder, Daniel Gilbert, used insider information to trade securities. *Id.*

In July 2022, Defendants filed a motion to dismiss, which was granted in part as follows:

1. The consumer-demand statements from Julie Booth and Jay Farner are not actionable—they are not vague or unspecific puffery, they are truthful, and they do not involve material omissions.

2. Jay Farner's two interest-rate statements are not actionable—they are false; Farner knew the statements were false; and they nonprotected backward-looking statements concerning a future event.
3. The volume-by-channel statement that Jay Farner made is actionable—it was not vague; it was objectively false because closed-loan volume was declining; it altered the total mix of information available.
4. Jay Farner's and Daniel Gilbert's broker tweets are actionable—they were objectively false and misleading when made.
5. Walter Roberts did not make any statements.

*Shupe v. Rocket Cos.*, No. 1:21-CV-11528, 2023 WL 2411002, at *11–17 (E.D. Mich. Mar. 8, 2023). Hence, Julie Booth and Robert Walters were dismissed from the case, leaving Daniel Gilbert, Rocket Companies, and Rocket Holdings as the three remaining defendants.

Come March 2023, Defendants filed a motion for reconsideration challenging only three of the five actionable statements. ECF No. 56. First, Defendants rehash their arguments that Farner's interest-rate statements are protectable forward-looking statements and included cautionary language. *Id.* at PageID.2102–10. Defendants also reassert their argument that Farner's interest-rate misrepresentations were cured by information in a prospectus discussing the risks of rising interest rates. *Id.* at PageID.2110–14. And Defendants reraise their argument that Farner's false volume-by-channel statements are not actionable, as he also referred to a projection released six months prior that contradicted his claims. *Id.* at PageID.2114–16.

## II.

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that could not have been previously discovered warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

Defendants seek a second look at Jay Farner's interest-rate statements and volume-by-channel statement based on alleged "mistakes." ECF No. 56 at PageID.2095, 2098.

But Defendants do not contest the findings that Farner's broker tweet or Gilbert's broker tweet violated the Securities and Exchange Act. ECF No. 60 at PageID.2246. So even if Farner's other four statements were reconsidered and reversed, the same defendants would be facing the same claims. That is, granting reconsideration would not change "the outcome of the prior decision"—that Farner and Gilbert have plausibly violated § 10(b) of the Exchange Act, 20(a) of the Exchange Act, and Rule 10b-5—which "fails to justify reconsideration." *Klein v. Caterpillar, Inc.*, No. 1:21-CV-11748, 2023 WL 4235536, at *2 (E.D. Mich. June 28, 2023) (citing *United States v. Lebron*, No. 20-13314, 2021 WL 5414894, at *2 (11th Cir. Nov. 19, 2021) (per curiam))).[1]

Defendants are essentially rehashing the same arguments they made in their motion to dismiss, seeking a different outcome based on the same facts and the same laws. *See* discussion *supra* Part I. However, "[f]or purposes of reconsideration, mistakes and outcomes are mutually exclusive." *Good v. BioLife Plasma Servs., L.P.*, No. 1:18-CV-11260, 2022 WL 17821556, at *2 (E.D. Mich. Dec. 20, 2022) ("[I]t would be 'unrealistic' to expect courts to know the entire universe of law at all times." (citing Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 12 & n.61 (2022))). So Defendants' desire for a different outcome "does not warrant reconsideration." *United States v. Ocampo*, No. 1:06-CR-20172-1, 2023 WL 1802379, at *1 (E.D. Mich. Feb. 7, 2023).

Moreover, Defendants are not contesting the truth or existence of the statements at issue. They instead seek reconsideration to "streamline the case as the parties proceed to discovery"— without specifying any burdensome or prejudicial discovery they hope to avoid. ECF No. 56 at PageID.2100. Yet the Parties' extensive stipulated orders covering various aspects of discovery

---

[1] Because the above analysis is dispositive, this Court need not reassess the merits as argued here. *Shupe v. Rocket Cos.*, No. 1:21-CV-11528, 2023 WL 2411002, at *12 (E.D. Mich. Mar. 8, 2023).

suggest that the discovery process would serve to benefit Defendants in proving their defenses, *see* ECF Nos. 70; 71, which will be addressed at the summary-judgment stage.

For these reasons, Defendants' Motion for Reconsideration will be denied.

### III.

Accordingly, it is **ORDERED** that Defendants' Motion for Reconsideration, ECF No. 56, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: June 30, 2023                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge