IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

CARL SHUPE and CONSTRUCTION
LABORERS PENSION TRUST FOR SOUTHERN
CALIFORNIA, Individually and on Behalf of
All Others Similarly Situated,

    Plaintiffs,

v.

ROCKET COMPANIES, INC., JAY D. FARNER,
DANIEL GILBERT and ROCK HOLDINGS INC.,

    Defendants.

No. 21-cv-11528

Honorable Thomas L. Ludington
District Judge

Honorable Anthony P. Patti
Magistrate Judge

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO EXCLUDE THE UNAUTHORIZED "REBUTTAL" EXPERT
REPORT OF CHAD COFFMAN OR, IN THE ALTERNATIVE, TO SUBMIT
SUR-REBUTTAL REPORTS FROM DRS. STULZ AND GARMAISE**

Nick Gorga (P72297)
Jeremy D. Lockhart (P76500)
Carsten A. Parmenter (P86425)
HONIGMAN LLP
660 Woodward Avenue
2290 First National Building
Detroit, Michigan 48226
Tel: (313) 465-7000
*ngorga@honigman.com*
*jlockhart@honigman.com*
*cparmenter@honigman.com*

Deborah S. Birnbach
Adam Slutsky
Kate MacLeman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel: (617) 570-1000
*dbirnbach@goodwinlaw.com*
*aslutsky@goodwinlaw.com*
*kmacleman@goodwinlaw.com*

*Counsel for Defendant Rocket Companies, Inc.*

April 11, 2024

Jeffrey B. Morganroth (P41670)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Tel: (248) 864-4000
*jmorganroth@morganrothlaw.com*

Sharon L. Nelles (N.Y. 2613073)
Jeffrey T. Scott (N.Y. 2890374)
Julia A. Malkina (N.Y. 5054572)
Jacob E. Cohen (N.Y. 4787271)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
*nelless@sullcrom.com*
*scottj@sullcrom.com*
*malkinaj@sullcrom.com*
*cohenja@sullcrom.com*

*Counsel for Defendants Rock Holdings Inc.,
Jay Farner, and Daniel Gilbert*

## TABLE OF AUTHORITIES

*Page(s)*

*Auto Club Grp. Ins. Co.* v. *Omega Flex, Inc.*,
   2017 WL 3263355 (E.D. Mich. Aug. 1, 2017) ................................................... 3

*In re Ford Motor Co.*,
   86 F.4th 723 (6th Cir. 2023) ........................................................................... 1

*Rothenberg* v. *Standard Ins. Co.*,
   2012 WL 2126846 (D. Colo. June 12, 2012) ................................................ 4, 5

*Wal-Mart Stores, Inc.* v. *Texas Alcoholic Beverage Comm'n*,
   2017 WL 9480314 (W.D. Tex. May 22, 2017) ................................................. 5

Defendants filed a short motion requesting that the Court either (a) strike the improper and unauthorized "rebuttal" report of Plaintiffs' expert Chad Coffman, or (b) as a matter of fairness, consider sur-rebuttal reports from Defendants' experts, Dr. René Stulz and Dr. Mark Garmaise, which show why the new opinions Coffman proffered in connection with Plaintiffs' class certification reply brief are wrong and misleading. Indeed, as Defendants showed, when a plaintiff introduces new expert analysis in a reply brief, it is customary to permit defendants' experts to respond to those new arguments.

In response, Plaintiffs filed a 21-page screed trying to explain why they believe it is fair for their expert to sandbag Defendants by holding back analysis that he had performed at the time he prepared his initial expert report, while giving Defendants' experts no opportunity to respond. That is unfair and particularly improper at class certification, where the "exponential aggregation of claims and parties magnifies the stakes of litigation," and thus is "uniquely susceptible" to "procedural unfairness." *In re Ford Motor Co.*, 86 F.4th 723, 726, 729 (6th Cir. 2023).[1]

---

[1] Plaintiffs also fill their Opposition with extraneous misrepresentations of Dr. Stulz's opinions. (*See* ECF 157, PageID.17586-87.) Dr. Stulz did not "concede[]" that it was methodologically proper for Coffman to exclude from his event study days when Rocket's stock was not efficient but distorted through coordinated trading. (*Id.*) In the snippet Plaintiffs quote out-of-context, Dr. Stulz merely stated that when building a regression model to establish the baseline relationship between a stock price and news, it is proper to exclude the "event[] being

*First*, Plaintiffs assert that the scheduling order "explicitly" authorized Coffman's "Rebuttal" Report because it sets an April 29, 2024 deadline for merits-stage rebuttal expert reports. (ECF 157, PageID.17577, 17582-83.) That is wrong. In the scheduling order, the Parties agreed that there would be "separate tracks for expert discovery related to class certification and expert discovery related to merits issues," and that "[e]xpert discovery on issues such as market efficiency and price impact" are on the "class certification" track. (ECF 69 ¶ 2.) As one would expect, the scheduling order establishes that briefing of all issues relevant to class certification would occur first, with briefing complete by March 8, 2024. (ECF 107, PageID.7494 (amending scheduling order at ECF 75).) By contrast, briefing of merits issues (*i.e.*, summary judgment and merits expert *Daubert* motions) are on a separate track taking place over the summer. (*Id.*) Thus, the April 29, 2024 deadline for rebuttal expert reports plainly refers to expert reports that rebut the "Opening Expert Reports for Expert Witnesses to be Called in Party's Case-in-Chief" due one month earlier on March 27, 2024. (*Id.*; ECF 75, PageID.2777.) Nor would it make

---

tested" (*i.e.*, the alleged corrective disclosure date). (*Id.*) With respect to Coffman's exclusion of days when the market is known to be inefficient, Dr. Stulz in fact opined that Coffman's removal of those days was "not appropriate" and contrary to the academic literature. (ECF 120-2, PageID.9212 ¶ 98.) As he testified, "if you do a market efficiency study and then you exclude the observations that are hardest to reconcile with market efficiency then you really are not doing an efficiency study." (ECF 120-6, PageID.9604.)

-2-

sense to set April 29 for rebuttal class certification expert reports when class certification briefing was completed nearly two months earlier on March 8.[2]

*Second*, even if Plaintiffs are correct that parts of Coffman's "Rebuttal" Report constitute permissible rebuttal and/or supplemental opinions (ECF 157, PageID.17581-82, 17586-90)—and they are not for the reasons explained in the very cases they cite (*see infra* 4-5) and in Defendants' opening brief (ECF 150, PageID.15690-93)—Plaintiffs do not dispute that Coffman admitted at his second deposition that he had actually performed much of the analysis discussed in his "Rebuttal" Report before submitting his Initial Report on August 30, 2023, but did not disclose it until filing his "Rebuttal" Report (*see* ECF 150, PageID.15689, 15692). Plaintiffs do not, and cannot, claim this was proper. It plainly is inappropriate for Plaintiffs to "submit[] an incomplete report lacking full analysis or a supporting rationale, wait[] for the discovery deadline to pass and then submit[] a fuller report with complete reasoning." *Auto Club Grp. Ins. Co.* v. *Omega Flex, Inc.*, 2017 WL 3263355, at \*3 (E.D. Mich. Aug. 1, 2017). Indeed, the fact that Coffman's "Rebuttal" Report is 47 pages—8 pages longer than his Initial Report—refutes

---

[2] Thus, the schedule is not "silent as to expert reports at [] class certification," as in the cases Plaintiffs cite. (ECF 157, PageID.17577, 17585.) To the extent any of those cases permitted a plaintiff's expert to submit a sur-rebuttal to defendants' rebuttal experts (as Coffman does here), Defendants request that the Court follow the other cases Plaintiffs cite that rejected such unauthorized rebuttals to rebuttal experts. (*See infra* 4-5.)

Plaintiffs' contention that Coffman did no more than merely "reaffirm[] his prior opinions and conclusions" without "offering 'new analyses' or 'new opinions.'" (ECF 157, PageID.17592, 17594.)

*Third*, Plaintiffs argue that the Court should not permit Defendants' experts to submit sur-rebuttal reports that respond to the arguments Coffman made for the first time in his "Rebuttal" Report because the scheduling order does not provide for sur-rebuttal reports. (ECF 157, PageID.17590.) But the scheduling order also does not provide for Coffman's "Rebuttal" Report that Plaintiffs submitted with their class certification reply brief. That is why Defendants moved to strike Coffman's "Rebuttal" Report as unauthorized, or alternatively, requested that the Court consider Drs. Stulz and Garmaise's sur-rebuttal reports. Thus, if the Court does consider Coffman's unauthorized "Rebuttal" Report, then as a matter of fairness, it also should consider the sur-rebuttal reports from Drs. Stulz and Garmaise that respond to Coffman's new and misleading analysis, as is customary.

*Fourth*, Plaintiffs do not even acknowledge, let alone try to distinguish, the many decisions Defendants cited holding that "when courts have considered expert reports that a plaintiff attaches to its class certification reply brief, courts have permitted defendants' experts to respond." (ECF 150, PageID.15694.) Instead, Plaintiffs point to *Rothenberg* v. *Standard Ins. Co.*, 2012 WL 2126846 (D. Colo. June 12, 2012), as supposedly supporting their position that sur-rebuttal expert

-4-

reports are not permissible. (ECF 157, PageID.17591.) *Rothenberg* does not help Plaintiffs. In fact, the court there held that the kind of "rebuttal" report Coffman submitted is not permissible and should be stricken: where—as here—a scheduling order contemplated an expert report from the plaintiff and a rebuttal expert report from the defendant, "the court will not permit Plaintiff to disclose rebuttal expert disclosures responsive to Defendant's *rebuttal* expert disclosures." *Rothenberg*, 2012 WL 2126846, at *2. Defendants agree with that statement of the law—Plaintiffs should be precluded from offering Coffman's "Rebuttal" Report that is "responsive to Defendant's *rebuttal* expert disclosures." *Id.*

The other case Plaintiffs cite, *Wal-Mart Stores, Inc.* v. *Texas Alcoholic Beverage Comm'n*, 2017 WL 9480314 (W.D. Tex. May 22, 2017) (ECF 157, PageID.17591), reached the same result as *Rothenberg*—it struck the kind of rebuttal report that Coffman submitted here. In particular, the intervener (TPSA) filed its opening expert report; Wal-Mart thereafter filed its rebuttal expert report; but then after TPSA's expert was deposed, TPSA sought to file a supplemental expert report (just as Coffman did here). *Wal-Mart*, 2017 WL 9480314, at *1. The court struck TPSA's purported "rebuttal" report, explaining that "TPSA argues that Wal-Mart's expert's rebuttal demonstrates the incompleteness of its own expert report thereby triggering a right to supplement. The Court is unpersuaded." *Id.* at *2. Again,

Defendants have no objection to Plaintiffs' request that the Court follow the approach of *Wal-Mart* and *Rothenberg* and strike Coffman's "Rebuttal" Report.

*Lastly*, Plaintiffs assert that "Defendants are not prejudiced because they already took the deposition of Coffman." (ECF 157, PageID.17593.) That is incorrect; as a matter of fairness, Defendants' experts should be permitted to explain why Coffman's new opinions are wrong and the new analyses and charts in his "Rebuttal" Report are misleading. This is precisely why, as Defendants showed in their opening brief, courts routinely permit defendants to submit sur-rebuttal reports when a plaintiff attaches new expert analysis to its reply brief. (ECF 150, PageID.15694.)[3]

\* \* \*

For the foregoing reasons, the Court should strike Coffman's proffered rebuttal expert report, or, in the alternative, grant Defendants leave to file the sur-rebuttal reports of Drs. Stulz and Garmaise.

---

[3] Plaintiffs misleadingly suggest that Defendants already responded to Coffman's "Rebuttal" Report in their class certification sur-reply brief. (ECF 157, PageID.17580.) That is wrong because the Court limited the sur-reply brief to the issue of price impact (ECF 143, 146), a subject on which Coffman did not opine. Thus, Defendants' sur-reply did not address Coffman's new opinions regarding market efficiency and class-wide damages.

April 11, 2024

Respectfully submitted,

*/s/ Nick Gorga*
Nick Gorga (P72297)
HONIGMAN LLP

(Additional counsel listed on cover)

*Counsel for Rocket Companies, Inc.*

*/s/ Jeffrey T. Scott*
Jeffrey T. Scott (N.Y. 2890374)
SULLIVAN & CROMWELL LLP

(Additional counsel listed on cover)

*Counsel for Rock Holdings Inc., Jay Farner, and Daniel Gilbert*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

                                    Respectfully submitted,

                                    */s/ Jeffrey T. Scott*
                                    Jeffrey T. Scott (N.Y. 2890374)
                                    SULLIVAN & CROMWELL LLP
                                    125 Broad Street
                                    New York, New York  10004
                                    Tel:  (212) 558-4000

                                    *Counsel for Defendants Rock Holdings Inc.,*
                                    *Jay Farner, and Daniel Gilbert*

April 11, 2024