IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

|  |  |
|---|---|
| CARL SHUPE and CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKET COMPANIES, INC., JAY D. FARNER, DANIEL GILBERT and ROCK HOLDINGS INC.,<br><br>Defendants. | No. 21-cv-11528<br><br>Honorable Thomas L. Ludington<br>District Judge<br><br>Honorable Anthony P. Patti<br>Magistrate Judge |

## STIPULATION AND ORDER

Lead Plaintiff Carl Shupe ("Mr. Shupe") and additional named Plaintiff Construction Laborers Pension Trust for Southern California ("SoCal"; together with Mr. Shupe, "Plaintiffs"), and Defendants Rocket Companies, Inc., Rock Holdings Inc. ("RHI"), Jay D. Farner, and Daniel Gilbert (collectively, "Defendants," and together with Plaintiffs, "Parties"), hereby stipulate and agree as follows:

WHEREAS, on June 21, 2022, Mr. Shupe and then-Plaintiff Matthew Pearlman ("Mr. Pearlman") filed a Corrected Amended Class Action Complaint for Violations of the Federal Securities Laws in the above-captioned action ("Action") (Dkt. No. 42);

WHEREAS, on December 8, 2023, Mr. Shupe moved to withdraw Mr. Pearlman and substitute SoCal (Dkt. No. 81) ("Motion to Substitute");

WHEREAS, on February 5, 2024, the Court granted the Motion to Substitute and entered in this Action an Order governing, among other things, the filing of an amended complaint, a renewed motion for class certification, summary judgment motions, motions *in limine*, and pretrial submissions, and setting a February 4, 2025 date for a jury trial (Dkt. No. 107) ("Scheduling Order");

WHEREAS, on February 12, 2024, Plaintiffs filed a Renewed Motion for Class Certification, Appointment as Class Representatives, and Appointment of Class Counsel (Dkt. No. 111) ("Class Certification Motion");

WHEREAS, on February 26, 2024, Defendants filed a Motion to Exclude the expert testimony of Chad Coffman proffered by Plaintiffs in support of the Class Certification Motion (Dkt. No. 121) ("Defendants' Class Certification *Daubert* Motion");

WHEREAS, on March 8, 2024, Plaintiffs filed Motions to Exclude the expert testimony of Mark Garmaise, Laura Starks, and René Stulz proffered by Defendants in opposition to the Class Certification Motion (Dkt. Nos. 131, 132, 138 (sealed), 139) (collectively, "Plaintiffs' Class Certification *Daubert* Motions," and together with Defendants' Class Certification *Daubert* Motion, "Class Certification *Daubert* Motions");

WHEREAS, on July 16, 2024, Plaintiffs filed a Partial Motion for Summary Judgment (Dkt. Nos. 166 (sealed), 167) ("Plaintiffs' Summary Judgment Motion") and Motions to Exclude the expert testimony of John Coates, Mark Garmaise, Terrence Hendershott, Laura Starks, and René Stulz proffered by Defendants to defend against Plaintiffs' claims in this Action on the merits (Dkt. Nos. 169 (sealed), 170, 172 (sealed), 173, 175 (sealed), 176, 180 (sealed), 181, 184 (sealed), 185) (collectively, "Plaintiffs' Merits *Daubert* Motions");

WHEREAS, on July 16, 2024, Defendants filed a Motion for Summary Judgment (Dkt. No. 190) ("Defendants' Summary Judgment Motion") and Motions to Exclude the expert testimony of Chad Coffman, Daniel Taylor, and Michael Trickey proffered by Plaintiffs in support of their claims in this Action on the merits (Dkt. Nos. 177, 182 (sealed), 186, 189) (collectively, "Defendants' Merits *Daubert* Motions," and together with Plaintiffs' Merits *Daubert* Motions, "Merits *Daubert* Motions");

WHEREAS, on September 30, 2024, this Court denied the Class Certification *Daubert* Motions (Dkt. No. 226) ("Class Certification *Daubert* Ruling");

WHEREAS, on September 30, 2024, this Court denied the Class Certification Motion (Dkt. No. 227) ("Class Certification Ruling");

WHEREAS, on October 15, 2024, SoCal filed a Motion for Leave to File a Renewed Motion for Class Certification, or in the Alternative, Limited Motion for

Reconsideration of the Court's Order Denying Class Certification of the Insider Trading Class (Dkt. No. 229) ("Motion for Leave");

WHEREAS, on October 29, 2024, RHI and Mr. Gilbert filed their opposition to SoCal's Motion for Leave (Dkt. No. 232);

WHEREAS, on November 5, 2024, SoCal filed its reply in support of its Motion for Leave (Dkt. No. 233);

WHEREAS, on October 17, 2024, SoCal filed a Petition for Permission to Appeal the Class Certification Ruling Pursuant to Rule 23(f) ("Rule 23(f) Petition") in the United States Court of Appeals for the Sixth Circuit, *see In re Carl Shupe, et al.*, No. 24-105 (6th Cir.), which seeks review of the Class Certification Ruling, but does not seek to reverse the Court's rulings as to Mr. Shupe's adequacy or the issue of "price impact";

WHEREAS, on October 23, 2024, SoCal filed a motion to hold the Rule 23(f) Petition in abeyance pending the Court's decision on the Motion for Leave;

WHEREAS, on October 25, 2024, RHI and Mr. Gilbert filed their oppositions to SoCal's Rule 23(f) Petition and motion to hold the Rule 23(f) Petition in abeyance;

WHEREAS, on November 1, 2024, SoCal filed its reply in support of its motion to hold the Rule 23(f) Petition in abeyance;

WHEREAS, the Parties have conferred and agree that, in light of the guidance provided by the Court's Class Certification *Daubert* Ruling and Class Certification

Ruling, Plaintiffs' Summary Judgment Motion, Defendants' Summary Judgment Motion, and the Merits *Daubert* Motions should be withdrawn without prejudice;

WHEREAS, the Parties also agree that, in light of the Class Certification Ruling and Plaintiffs' pending Motion for Leave and in order to ensure economy of time and effort for the Court, counsel, and litigants, all remaining deadlines in the Scheduling Order should be adjourned *sine die*;

WHEREAS, the Parties also agree that, within fourteen (14) days of the Court's ruling on the pending Motion for Leave, the Parties should confer regarding a revised pretrial schedule (including but not limited to deadlines for the submission of motions for summary judgment and/or *Daubert* motions, if any) and submit an agreed-upon schedule or alternative proposed schedules to the Court for its consideration;

WHEREAS, Mr. Shupe would not be a member of the proposed class sought by the Motion for Leave and, in light of the Class Certification Ruling's analysis of the issue of "price impact," would face substantial difficulties proving the claims he sought to pursue in this Action, and as such, he has determined to voluntarily dismiss his claims;

WHEREAS, Defendants consent to Mr. Shupe voluntarily dismissing his claims and do not intend to pursue any claim of costs as to the litigation of Mr. Shupe's claims;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties hereto and subject to approval by the Court:

1. The following motions are hereby withdrawn without prejudice:

    a. Plaintiffs' Motion for Partial Summary Judgment (Dkt. Nos. 166 (sealed), 167);

    b. Plaintiffs' Motion to Exclude Defendants' Proffered April 5, 2024 Expert Report and Opinions of Laura T. Starks (Dkt. Nos. 169 (sealed), 170);

    c. Plaintiffs' Motion to Exclude a Portion of Defendants' Proffered May 15, 2024 Expert Rebuttal Report and Opinions of John Coates (Dkt. Nos. 172 (sealed), 173);

    d. Plaintiffs' Motion to Exclude Defendants' Proffered April 5, 2024 Expert Report and Opinions of Terrence Hendershott, Ph.D. (Dkt. Nos. 175 (sealed), 176);

    e. Defendants' Motion to Exclude Portions of Michael Trickey's Proffered Expert Testimony (Dkt. No. 177);

    f. Plaintiffs' Motion to Exclude Defendants' Proffered May 15, 2024 Expert Report and Opinions of René Stulz (Dkt. Nos. 180 (sealed), 181);

    g.    Defendants' Motion to Exclude Portions of Daniel Taylor's Proffered Expert Testimony (Dkt. Nos. 182 (sealed), 186);

    h.    Plaintiffs' Motion to Exclude Defendants' Proffered May 15, 2024 Expert Report and Opinions of Mark Garmaise (Dkt. Nos. 184 (sealed), 185);

    i.    Defendants' Motion to Exclude Chad Coffman's Proffered Expert Testimony (Dkt. No. 189); and

    j.    Defendants' Motion for Summary Judgment (Dkt. No. 190).

2.    All remaining deadlines in the Scheduling Order (Dkt. No. 107) are hereby adjourned *sine die*.

3.    Within fourteen (14) days of the Court's ruling on SoCal's Motion for Leave to File a Renewed Motion for Class Certification, or in the Alternative, Limited Motion for Reconsideration of the Court's Order Denying Class Certification of the Insider Trading Class (Dkt. No. 229), the Parties shall confer regarding a revised pretrial schedule (including but not limited to deadlines for the submission of motions for summary judgment and/or *Daubert* motions, if any) and submit an agreed-upon schedule or alternative proposed schedules to the Court for its consideration.

4. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Mr. Shupe, solely on his own behalf, hereby dismisses with prejudice all of his claims against Defendants in this Action, without prejudice to Mr. Shupe's ability to recover as a non-representative class member in any class settlement concerning the claims at issue in this Action.

5. As to Mr. Shupe's claims, each party shall bear its own costs and attorneys' fees.

IT IS SO STIPULATED.

DATED: November 21, 2024        Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

*/s/ Jake Bissell-Linsk*
CAROL C. VILLEGAS
CHRISTINE M. FOX
JAKE BISSELL-LINSK
DAVID SALDAMANDO
140 Broadway
New York, New York 10005
Tel:  (212) 907-0700
Fax: (212) 818-0477
*cvillegas@labaton.com*
*cfox@labaton.com*
*jbissell-linsk@labaton.com*
*dsaldamando@labaton.com*

*Lead Counsel for Lead Plaintiff Carl Shupe and Plaintiff Construction Laborers Pension Trust for Southern California*

SHANNON HOPKINS
**LEVI & KORSINSKY LLP**
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel:  (203) 992-4523
*shopkins@zlk.com*

*Additional Counsel for Plaintiffs*

JAMES ALLEN
**SCHENK & BRUETSCH PLC**
211 West Fort Street, Suite 1410
Detroit, Michigan 48226
Tel:  (313) 774-1000
*james.allen@sbdetroit.com*

*Liaison Counsel for Plaintiffs*

| | |
|---|---|
| DATED: November 21, 2024 | **SULLIVAN & CROMWELL LLP** |

*/s/ Jeffrey T. Scott*
SHARON L. NELLES
JEFFREY T. SCOTT
JULIA A. MALKINA
JACOB E. COHEN
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 588-3588
*nelless@sullcrom.com*
*scottj@sullcrom.com*
*malkinaj@sullcrom.com*
*cohenja@sullcrom.com*

JEFFREY B. MORGANROTH (P41670)
**MORGANROTH & MORGANROTH, PLLC**
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Tel: (248) 864-4000
Fax: (248) 864-4001
*jmorganroth@morganrothlaw.com*

*Counsel for Defendants Rock Holdings Inc., Jay Farner, and Daniel Gilbert*

| | |
|---|---|
| DATED: November 21, 2024 | **GOODWIN PROCTER LLP** |

*/s/ Deborah S. Birnbach*
DEBORAH S. BIRNBACH
ADAM SLUTSKY
KATE MACLEMAN
100 Northern Avenue
Boston, Massachusetts 02210
Tel:  (617) 570-1000
*dbirnbach@goodwinlaw.com*
*aslutsky@goodwinlaw.com*
*kmacleman@goodwinlaw.com*

NICK GORGA (P72297)
JEREMY D. LOCKHART (P76500)
CARSTEN A. PARMENTER (P86425)
**HONIGMAN LLP**
660 Woodward Avenue
2290 First National Building
Detroit, Michigan 48226
Tel:  (313) 465-7000
*ngorga@honigman.com*
*jlockhart@honigman.com*
*cparmenter@honigman.com*

*Counsel for Defendant Rocket Companies, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL SHUPE, and CONSTRUCTION
LABORERS PENSION TRUST FOR SOUTHERN
CALIFORNIA,

            Plaintiffs,                  Case No. 1:21-cv-11528

v.                                      Honorable Thomas L. Ludington
                                          United States District Judge

ROCKET COMPANIES, INC., JAY FARNER,
DANIEL GILBERT, and ROCKET HOLDINGS, INC,

           Defendants.
_____/

**ORDER (1) GRANTING PARTIES' STIPULATION; (2) WITHDRAWING MOTIONS WITHOUT PREJUDICE; (3) DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING OR STIPULATION; (4) CANCELLING SCHEDULING ORDER; AND (5) DISMISSING PLAINTIFF SHUPE'S CLAIMS WITH PREJUDICE**

In February 2024, Plaintiffs Carl Shupe and Construction Laborers Pension Trust for Southern California ("SoCal") sought to certify a Class of all individuals who traded Rocket Companies, Inc. ("Rocket") Class A common stock from February 25 through May 5, 2021 (the "Class Period"), alleging that the price of this stock was artificially inflated and maintained by a series of fraudulent misrepresentations made by Defendant Jay Farner. *See generally* ECF No. 111. Within this Class, Plaintiffs also sought to certify a Subclass of all individuals who specifically traded Rocket Class A common stock "contemporaneously" with Defendant Dan Gilbert's alleged insider trade of the same security on March 29, 2021. *See generally id.*

Throughout the next seven months, as Plaintiffs' Renewed Motion for Class Certification was pending, the Parties turned their attention to the case's merits. The Parties filed cross-motions for summary judgment, ECF Nos. 166; 167 (sealed); 190, (the "Summary Judgment Motions") and numerous *Daubert* motions challenging the experts each Party relied on in supporting their

summary judgment arguments, ECF Nos. 169 (sealed); 170; 172 (sealed); 173; 175 (sealed); 176; 177; 180 (sealed); 181; 182 (sealed); 184 (sealed); 185; 186; 189, (the "Merits *Daubert* Motions").

But this Court denied Plaintiffs' Renewed Motion for Class Certification on September 30, 2024. *See Shupe v. Rocket Companies, Inc.*, No. 1:21-CV-11528, 2024 WL 4349172 (E.D. Mich. Sept. 30, 2024). As to the proposed fraudulent misrepresentation Class, this Court held (1) Plaintiffs failed to show that common questions of investor reliance predominated individual issues; (2) relatedly, Plaintiffs failed to show that a class action was the superior method to adjudicate Plaintiffs' claims; and (3) Plaintiffs' proposed Class Representative—Carl Shupe—was inadequate. *See generally id.* As to the proposed insider trading Subclass, this Court held (1) Plaintiffs did not proffer an ascertainable Subclass definition; and (2) Plaintiffs' proposed Subclass Representative—SoCal—was inadequate. *See generally id.*

On October 15, 2024, Plaintiff SoCal filed a motion for leave to file another motion for class certification. ECF No. 229. Seemingly abandoning the claims of the larger fraudulent misrepresentation Class, Plaintiff SoCal avers that, if granted leave, its renewed motion for class certification "would: (1) pursue only insider trading claims, as opposed to both misstatement and insider trading claims; (2) propose a single Class, without any subclass; (3) propose SoCal as the Class representative of that single class, without any continued, representative involvement of Mr. Shupe; and (4) more clearly define the Class as to those remaining insider trading claims." *Id.* at PageID.40680. Alternatively, if this Court declines to grant Plaintiffs leave, SoCal seeks partial reconsideration of this Court's Opinion and Order denying class certification. *Id.* at PageID.40699–700.

Two days later, SoCal—as opposed to SoCal *and* Shupe—filed a Rule 23(f) petition for permission to appeal this Court's class certification Opinion in the United States Court of Appeals

for the Sixth Circuit. *See In re Carl Shupe, et al.*, No. 24-105 (6th Cir.). SoCal's Petition focuses solely on this Court's decision to decline to certify the proposed insider trading Subclass. *See id.*, ECF No. 1. And, on October 23, 2024, SoCal filed a motion in the Sixth Circuit to hold its 23(f) Petition in abeyance, pending this Court's decision on SoCal's Motion for Leave, ECF No. 229. *In re Carl Shupe, et al.*, No. 24-105 (6th Cir.), ECF No. 8. The Sixth Circuit has yet to address abeyance.

In light of this case's procedural complexity and current status, the Parties filed the attached Stipulation and Proposed Order on November 21, 2024, seeking the following:

(1) The voluntarily withdrawal—without prejudice—of all Summary Judgement Motions and Merits *Daubert* Motions, ECF Nos. 166; 167 (sealed), 169 (sealed); 170; 172 (sealed); 173; 175 (sealed); 176; 177; 180 (sealed); 181; 182 (sealed); 184 (sealed); 185; 186; 189, 190. The only motions that remain pending on this Court's docket are Defendants' February 2024 Motion for a Protective Order, ECF No. 108, and Plaintiff SoCal's October 2024 Motion for Leave, ECF No. 229.

(2) The adjournment of all remaining deadlines in the operative Scheduling Order, ECF No. 107. The Parties further agree that, "[w]ithin fourteen (14) days of the Court's ruling on SoCal's Motion for Leave to File a Renewed Motion for Class Certification, or in the Alternative, Limited Motion for Reconsideration of the Court's Order Denying Class Certification of the Insider Trading Class (Dkt. No. 229), the Parties shall confer regarding a revised pretrial schedule (including but not limited to deadlines for the submission of motions for summary judgment and/or *Daubert* motions, if any) and submit an agreed-upon schedule or alternative proposed schedules to the Court for its consideration.

(3) The voluntary dismissal of Plaintiff Carl Shupe's claims against Defendants, without prejudice to his ability to recover as a non-representative class member in any future settlement.

Having reviewed the Parties' attached Stipulation, and this Court being otherwise fully advised in the premises:

It is **ORDERED** that the Parties' Stipulation is **GRANTED.**

Further, it is **ORDERED** that the following 17 motions are **WITHDRAWN WITHOUT PREJUDICE**:

| ECF No. | Title |
|---|---|
| 166 (sealed) | Plaintiffs; Motion for Partial Summary Judgment |
| 167 | Plaintiffs' Motion for Summary Judgment |
| 169 (sealed) | Plaintiffs' Motion to Exclude the Expert Testimony of Laura Starks |
| 170 | Plaintiffs' Motion to Exclude the Expert Testimony of Laura Starks |
| 172 (sealed) | Plaintiffs' Motion to Exclude the Expert Testimony of John Coates |
| 173 | Plaintiffs' Motion to Exclude the Expert Testimony of John Coates |
| 175 (sealed) | Plaintiffs' Motion to Exclude the Expert Testimony of Terrence Hendershott |
| 176 | Plaintiffs' Motion to Exclude the Expert Testimony of Terrence Hendershott |
| 177 | Defendants' Motion to Exclude the Expert Testimony of Michael Trickey |
| 180 (sealed) | Plaintiffs' Motion to Exclude the Expert Testimony of Rene Stulz |
| 181 | Plaintiffs' Motion to Exclude the Expert Testimony of Rene Stulz |
| 182 (sealed) | Defendants' Motion to Exclude the Expert Testimony of Daniel Taylor |
| 184 (sealed) | Plaintiffs' Motion to Exclude the Expert Testimony of Mark Garmaise |
| 185 | Plaintiffs' Motion to Exclude the Expert Testimony of Mark Garmaise |
| 186 | Defendants' Motion to Exclude the Expert Testimony of Daniel Taylor |
| 189 | Defendants' Motion to Exclude the Expert Testimony of Chad Coffman |
| 190 | Defendants' Motion for Summary Judgment |

Further, it is **ORDERED** that the Parties are **DIRECTED** to file supplemental briefing, not to exceed 5 pages, regarding the status of Defendants' Motion for a Protective Order, ECF No. 108, **on or before December 13, 2024.** If the Parties believe the motion is moot given subsequent discovery or Plaintiff Carl Shupe's stipulated dismissal, they may file a joint stipulation and proposed order to withdraw the motion in lieu of supplemental briefs. Aside from Defendants' Motion for a Protective Order, ECF No. 108, the only Motion that remains pending on this Court's Docket is SoCal's October 15, 2024 Motion for Leave, ECF No. 229.

Further, it is **ORDERED** that all dates in the operative Scheduling Order, ECF No. 107, are **CANCELLED**. This Court will set new deadlines in the same Opinion and Order resolving SoCal's Motion for Leave, ECF No. 229.

Further, it is **ORDERED** that Plaintiff Carl Shupe's claims against Defendants are **DISMISSED WITH PREJUDICE.** However, this dismissal is without prejudice to Plaintiff Carl Shupe's ability to recover as a class member under any settlement in the above-captioned case.

- 8 -

**This is not a final order and does not close the above-captioned case.**

Dated: December 2, 2024                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge