Carol C. Villegas (N.Y. 4154324)
Christine M. Fox (N.Y. 2704641)
Jake Bissell-Linsk (N.Y. 5445911)
David Saldamando (N.Y. 5856950)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
cvillegas@labaton.com
cfox@labaton.com
jbissell-linsk@labaton.com
dsaldamando@labaton.com

*Lead Counsel for Counsel for Plaintiff*
*Construction Laborers Pension Trust for*
*Southern California*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| | x | |
| CONSTRUCTION LABORERS | : | |
| PENSION TRUST FOR SOUTHERN | : | |
| CALIFORNIA, | : | Case No.: 21-cv-11528 |
| | : | |
| Plaintiff, | : | Honorable Thomas L. Ludington |
| v. | : | District Judge |
| | : | |
| ROCKET COMPANIES, INC., JAY D. | : | Honorable Anthony P. Patti |
| FARNER, DANIEL GILBERT, and | : | Magistrate Judge |
| ROCK HOLDINGS INC., | : | |
| | : | April 16, 2025 |
| Defendants. | : | |
| | : | |
| | : | |
| | x | |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff respectfully submits this Notice of Supplemental Authority concerning Construction Laborers Pension Trust for Southern California ("SoCal")'s recent appointment as a class representative in a securities suit. *In re Concho Res., Inc. Sec. Litig.*, 2025 WL 1040379 (S.D. Tex. Apr. 7, 2025) ("Ex. A").

It would be anomalous for the courts to find SoCal adequate to lead that action but inadequate to lead this one. Thus, *Concho* supports Plaintiff's argument that this Court's prior ruling on SoCal's adequacy narrowly concerned the unique issue of SoCal's bid to represent an insider trading subclass *vis-à-vis* a primary misstatements class—not its adequacy more generally. ECF No. 233 at 2-5.

Indeed, while well aware of this Court's prior ruling (Ex. A at *13 n.17), *Concho* evaluated SoCal's adequacy according to the same two-factor test that controls in the Sixth Circuit,[1] finding (1) no "conflict of interest" and (2) that SoCal's selected class counsel (Labaton Keller Sucharow LLP) has "vigorously pursued the action." *Id.* at *7. This not only reinforces the appropriateness of that analysis, whereby SoCal is plainly adequate, but also highlights that a ruling that SoCal is inadequate to represent the remaining stand-alone insider trading class would require a factual finding by this Court (on the same legal standard) contrary to the to that just reached by the court in *Concho*.

---

[1] ECF No. 229 at 18-19 (collecting cases) (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976) ("There are two criteria for determining whether the representation of the class will be adequate:" (1) "common interests" with the class, and (2) an intent to "vigorously prosecute" through "qualified counsel.")).

DATED: April 16, 2024          Respectfully submitted,

_/s/ Carol C. Villegas_
**LABATON KELLER SUCHAROW LLP**
Carol C. Villegas
Christine M. Fox
Jake Bissell-Linsk
David Saldamando
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
cvillegas@labaton.com
cfox@labaton.com
jbissell-linsk@labaton.com
dsaldamando@labaton.com

_Lead Counsel and Counsel for Plaintiff_
_Construction Laborers Pension Trust for_
_Southern California_

2